43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Freddie JOHNSON, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7089.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Freddie Johnson, Jr.'s appeal for lack of jurisdiction. Johnson has not responded.
 
 
 2
 In 1967, Johnson sought benefits for a nervous condition. The regional office denied service connection. Johnson sought to reopen his claim. The Board decided that Johnson had not submitted new and material evidence sufficient to reopen his claim for service connection. Johnson appealed. The Court of Veterans Appeals summarily affirmed the Board's decision noting that although the Board actually did readjudicate Johnson's claim when it weighed and evaluated the new evidence with the old evidence, Johnson had not shown that the Board committed factual or legal error which warranted reversal. The Court of Veterans Appeals determined that the Board's factual findings concerning the Board's rejection of the new evidence were plausible.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Johnson argues that he contracted a venereal disease during service and that the disease triggered his nervous condition. Johnson thus challenges factual determinations concerning his claim and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.